IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 9557, LLC and RIVER WEST MEETING ASSOCIATES, INC., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 15-cv-10882<br>)<br>) Hon. Amy J. St. Eve |
| TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, | )<br>)<br>) |
| Defendant. | ) |

## ORDER

Defendant Travelers Indemnity Company of Connecticut ("Travelers") has moved the Court to dismiss Count Two of Plaintiffs 9557, LLC and River West Meeting Associates, Inc.'s (collectively, "River West") complaint ("the Complaint") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). [13]. For the following reasons, the Court grants Travelers's motion without prejudice. River West has leave to file an amended complaint consistent with this Order and Federal Rule of Civil Procedure 11, on or before March 8, 2016. Status hearing set for February 17, 2016 is stricken and reset to March 14, 2016 at 8:30 a.m.

## BACKGROUND

The following facts are taken from Travelers's Notice of Removal (R. 2) from the Circuit Court of Cook County, Illinois and River West's underlying complaint in *9557, LLC and River West Meeting Associates, Inc. v. Travelers Indemnity Company of Connecticut*, 2015 L 11020. (R. 2-1 at ¶¶ 1-13.) In evaluating this motion to dismiss, the Court accepts as true the Complaint's well-pleaded factual allegations and draws all reasonable inferences in favor of River West. *See Stayart v. Yahoo!, Inc.*, 623 F.3d 436, 438 (7th Cir. 2010). Importantly, the Court is prohibited from considering extrinsic evidence without converting a motion to dismiss into one for summary judgment. *See Hecker v. Deere & Co.*, 556 F.3d 575, 582-83 (7th Cir. 2009).

9557, LLC and River West Meeting Associates, Inc. "were the owner and occupant of the property" located at 3616 North Lincoln Avenue in Chicago, Illinois ("the Property"). (R. 2-1 at ¶ 1.) Travelers "was and is a foreign corporation authorized to do business in the State of Illinois and was is engaged in the business of underwriting and issuing commercial property and casualty insurance." (*Id*. at ¶ 2.)

On October 30, 2015, River West filed a complaint in the Circuit Court of Cook County, Illinois alleging both breach of contract and statutory damages pursuant to 215 ILCS 5/155 ("Section 155"). River West alleges that Travelers issued it a "commercial insurance policy effective March 1, 2015 to March 1, 2016." (*Id*. at ¶ 3.) In April 2015, River West claims that the Property "sustained water damage," from which a series of relevant events flowed. (*Id*. at ¶ 5.)

Specifically, River West alleges in Count One that Travelers "has failed, refused[,] and continues to fail and refuse to pay Plaintiffs for all of their losses," thereby breaching the agreed upon "commercial insurance policy" (*Id*. at ¶¶ 3, 9.) River West asserts that it "notified Travelers of the loss" resulting from the "water damage" and "made a claim under the insurance policy." (*Id*. at ¶ 6.) Further, River West alleges that it has "performed all conditions required by the insurance policy to be performed by them" and, yet, Travelers has failed to pay for the water damage. (*Id*. at ¶ 7.)

Additionally, River West contends in Count Two that Travelers has engaged in "vexatious and unreasonable conduct" warranting statutory damages pursuant to "Section 155 of the Illinois Insurance Code." (*Id*. at ¶¶ 13) Specifically, River West alleges that "[a]t the time of the April, 2015 water damage occurrence, Travelers' internal claims and policies, practices, and procedures included compliance with the regulations promulgated by the Illinois Director of Insurance within Part 919 of the Illinois Administrative Code as well as compliance with sections 154.5 and 154.6 of the Illinois Insurance Code." (*Id*. at ¶ 12.) River West then alleges a number of violations of these codes:

> (a) Failing to pay for the water damage within 40 days of the loss, which constitutes an unreasonable delay in paying the loss as a matter of law, in violation of the regulations promulgated by the Illinous Director of Insurance within Section 919.80(d)(7)(A) of the Illinois Administrative Code;
>
> (b) not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the water loss, a loss in which liability was reasonably clear, in violation of Section 154.6 of the Illinois Insurance Code and the regulations promulgated by the Illinois Director of Insurance within Section 919.50 of the Illinois Administrative Code;
>
> (c) failing to pay the loss based on an unreasonable and erroneous interpretation of the insurance policy;
>
> (d) forcing them to retain legal counsel to investigate the water loss and to file this lawsuit to recover all of the benefits that [they] should have . . . immediately [provided] . . . under the insurance policy; and
>
> (e) refusing to pay for the water loss without conducting a full, fair, prompt, and objective investigation based on all available information, in violation of its internal claims policies, practices, and procedures[,] and in violation of Section 154.6 of the Illinois Insurance Code.

(*Id*. at ¶¶ 13(a)-(e).)

On December 3, 2015, Travelers removed the underlying case to this Court pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446. (R. 2.)

## ANALYSIS

Travelers now moves to dismiss Count Two of the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 13.) Count Two seeks statutory damages pursuant to 215 ILCS 5/155. Specifically, River West alleges that Travelers has "engag[ed] in . . . vexatious and unreasonable conduct" by "failing to pay" in a manner that allegedly violates both the Illinois Administrative Code and the Illinois Insurance Code. (R. 2-1 at ¶¶ 12, 13(a)-(e).) Travelers, however, contends that "Plaintiffs have alleged no facts in support of the conclusory contentions" that Travelers's conduct violated these codes or was "both vexatious and unreasonable[.]" (R. 18 at 4.) The Court agrees.

### I. Rule 12(b)(6) Legal Standard

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Id*. Indeed, a complaint "must provide enough details about the subject matter of the case to present a story that holds together." *Mehta v. Beaconridge Improvement Ass'n*, 432 Fed. App'x. 614, 616 (7th Cir. 2011) (citing *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)). Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Importantly, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II.    Section 155

Section 155 provides in relevant part:

In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:

(a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;

(b) $60,000;

(c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

215 ILCS 5/155(1); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000); *Horning Wire Corp. v. The Home Indemnity Co.*, 8 F.3d 587, 590 (7th Cir. 1993).  Importantly, "[b]ecause this statute is 'penal in nature' its provisions must be strictly construed." *Citizens First*, 200 F.3d at 1110 (citations omitted).

## III.    River West's Complaint

Travelers argues that "Plaintiffs' request for damages under Section 155 is unadorned by any factual support whatsoever." (R. 13 at 3.)  Further, Travelers maintains that "Plaintiffs' citation to the Illinois Administrative Code is no substitute for the required recitation of actual conduct that they believe is vexatious and unreasonable." (*Id*. at 3-4.)  Indeed, Travelers claims that "[e]ven assuming for the sake of argument that Travelers violated each cited regulation, Plaintiffs have given no details about the subject matter of the case to present a story of vexatiousness or unreasonableness that holds together." (*Id*. at 4.)  "Without more," asserts Travelers, "a plaintiff fails to state a cause of action under Section 155." (*Id*. at 3.)

River West disagrees.  Instead, it claims that "Count [Two] alleges sufficient facts to support a claim for relief under Section 155." (R. 17 at 3.)  Specifically, River West contends that "Sections 154.5 and 154.6 of the [Illinois Insurance] Code and Part 919 of the Illinois Administrative Code are part of the *totality of the circumstances* this Court can consider in determining whether Travelers acted unreasonably and vexatiously in its handling of River West's claim." (*Id*. at 5, emphasis in original.)  As a result, River West then lists a number of provisions from those codes that it alleges Travelers infringed.

River West's factually deprived complaint fails to adequately plead a Section 155 claim. "Simply pleading that [the defendant] knowingly and intentionally refused to provide insurance coverage and that [the defendant's] refusal 'was and continues to be vexatious and unreasonable,' without some modicum of factual support, is insufficient to plausibly suggest that [the plaintiff] is entitled to relief under the statute." *Scottsdale Ins. Co. v. City of Waukegan*, No. 07 C 64, 2007 WL 2740521, at *2 (N.D. Ill. Sept. 10, 2007). River West fails to heed this warning. Indeed, the Complaint is bereft of any factual support of its conclusion that Travelers "acted unreasonably and vexatiously" in refusing to pay for River West's property damage. (R. 17 at 5.) This dearth of facts renders the Complaint unable to surmount the plausibility threshold that Rule 12(b)(6) requires. *See, e.g.*, *Iqbal*, 129 S. Ct. at 1949 (holding that a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'") (internal citations and quotation marks omitted).

River West's attempt to squeeze the Complaint for facts that are simply not alleged is unsuccessful. River West argues that Travelers allegedly violated the Illinois Administrative Code and the Illinois Insurance Code and, consequently, "acted unreasonably and vexatiously." (R. 17 at 5.) These conclusory allegations, however, are insufficient even under liberal notice pleading standards. As noted earlier, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Specifically, paragraph thirteen, sections (a), (b), and (e) in Count Two amount to little more than simple recitations of the various codes that River West alleges Travelers violated. Further, sections (c) and (d)—"failing to pay the loss based on an unreasonable and erroneous interpretation of the insurance policy" and "forcing [River West] to retain legal counsel . . . and to file this lawsuit to recover all of the benefits," respectively—merely constitute allegations that Travelers "knowingly and intentionally refused to provide insurance coverage and that [Travelers's] refusal was and continues to be vexatious and unreasonable" when left devoid of facts. *Scottsdale Ins. Co.*, 2007 WL 2740521, at *2. Consequently, the Complaint "is insufficient to plausibly suggest that [River West] is entitled to relief under [Section 155]." *Id*.

Likewise, River West's reliance on facts found outside of the Complaint is inapt. Indeed, the two pages of facts in its Response allege a story wholly unrecognizable from anything found in the Complaint. As noted above, "[t]he court is prohibited from considering extrinsic evidence without converting a motion to dismiss into one for summary judgment." *See Hecker*, 556 F.3d at 582-83. Thus, the Complaint fails to adequately "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (citation omitted). Accordingly, the Court grants Defendant's motion to dismiss Count Two, without prejudice. River West has leave to file an amended complaint consistent with this Order and Federal Rule of Civil Procedure 11, on or before March 8, 2016.

## CONCLUSION

      For the foregoing reasons, the Court grants Travelers's Motion to Dismiss Count Two without prejudice with leave to file an amended complaint, consistent with Rule 11 by March 8, 2016.

**DATED: February 8, 2016**　　　　　　　　　　　　**ENTERED**

_____
AMY J. STUEVE
United States District Court Judge